IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

<u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CERTAIN REAL PROPERTY | ) | |
| LOCATED AT 1972 BRIDGEWATER | ) | |
| DRIVE, HEATHROW, FLORIDA, | ) | |
| TOGETHER WITH ALL | ) | |
| IMPROVEMENTS, FIXTURES, | ) | |
| AND APPURTENANCES THEREON, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>VERIFIED COMPLAINT FOR FORFEITURE IN REM</u>

COMES NOW the Plaintiff, United States of America, by and through Alice

H. Martin, United States Attorney for the Northern District of Alabama, and James

D. Ingram, Assistant United States Attorney for this district, and respectfully presents

to this Court the following:

1. That this is a civil action for the forfeiture of the named defendant real

property pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

2. That this Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§ 1345 and 1355(a).

3. That this Court has in rem jurisdiction over the defendant real property pursuant to 28 U.S.C. §§ 1355(b) and (d).

4. That this Court has venue over this action pursuant to 28 U.S.C. §§ 1355 and 1395(a).

5. That an investigation by the Federal Bureau of Investigation (FBI) has found that Nigerian law enforcement authorities have identified Chimaroke Nnamani as one of several individuals involved in a scheme to defraud the State of Enugu, Federal Republic of Nigeria, in violation of Nigerian law since at least 2003 and continuing until at least 2005.

6. That, specifically, the investigation by the FBI and Nigerian law enforcement authorities has revealed the following information:

(a) That Chimaroke Nnamani has been named as a participant in the alleged theft and money laundering of ₦5,365,496,346.45 Naira (or approximately $41,868,877.05 in U.S. Dollars) from 2003 through 2005 in violation of the laws of the Federal Republic of Nigeria. On January 22, 2007, the Economic and Financial Crimes Commission (EFCC), a Nigerian law enforcement agency, filed a 29-count indictment against Peter Mbah, Victor Udeh, Sam Ejiofor, and Chika Ohaa for

2

laundering ₦5,411,766,046.45 (or approximately $42,229,935.98 in U.S. Dollars). In the first eleven counts of the 29-count indictment, Chimaroke Nnamani is named as having collaborated with Mbah, Ejiofor and Ohaa in laundering money and the diversion of government funds outside of the country in the amount of ₦5,365,496,346.45 ($41,868,877.05 U.S. Dollars).

(b) That Nnamani has a sister, Chinero Nwigwe, who resides in Fairfax, Virginia. Nwigwe and her husband, David Nwigwe, are sought by Nigerian law enforcement authorities in connection with money laundering related to Chimaroke Nnamani's activities as governor.

(c) That Nnamani has been the Governor of Enugu State, Federal Republic of Nigeria, since May 30, 1999; his second four-year term expired on May 29, 2007. Under Nigeria's Constitution, Nnamani was immune from prosecution while he was a seated Governor.

(d) That Nnamani holds dual citizenship with Nigeria and the United States; however, as a public official in Nigeria, Nnamani was prohibited from owning property outside of Nigeria.

(e) That on January 31, 2007, Nnamani, while in the Orlando, Florida area, engaged a local law firm to form ten limited liability corporations (LLC's) that same day under various names.

(f) That on January 31, February 1, and February 20, 2007, Nnamani personally opened a total of twenty bank accounts at AmSouth Bank's main branch in Orlando, Florida. These twenty accounts were opened in the names of the ten LLC's, with two accounts for each LLC; Nnamani made opening deposits into these accounts totaling more than $90,000. Nnamani named himself and his sister, Chinero Nwigwe, as the authorized signors on each account.

(g) That on February 14, 2007 and February 22, 2007, Chinero Nwigwe wire transferred a total of $835,000 into two of the LLC accounts opened by Nnamani, including one account held in the name of the name of Rock City Group, LLC.

(h) That on February 22, 2007, Nnamani then transferred $998,000 from the AmSouth Bank account held in the name of Rock City Group, LLC, to a Fidelity National Title Insurance Company office in Florida for the purchase of a residence.

(I) That on February 22, 2007, Nnamani paid a total of $1,800,000 in cash for the purchase of the defendant real property, located at 1972 Bridgewater Drive, Heathrow, Florida, and more particularly described as follows:

> Lot(s) 34, HEATHROW WOODS, according to the plat thereof, recorded in Plat Book 41, Page(s) 26-30, of the Public Records of Seminole County, Florida.

Title to the defendant real property was transferred by warranty deed to "Rock City Group, LLC" as grantee.

4

(j) That in late May 2007, Nnamani reportedly fled Nigeria for the United States shortly before the end of his second term as governor, although he was elected to serve as a senator in the Nigerian legislature; however, this office does not provide immunity from prosecution.

8.     Based on information provided by Nigerian law enforcement officials, Chimaroke Nnamani's official salary as governor is the equivalent of $10,670 per year; thus, it appears unlikely that Nnamani possesses an adequate source of legitimate income to account for the purchase of the defendant real property. Furthermore, additional investigation has failed to identify a legitimate source of income for Chinero Nwigwe to account for the transfer of funds alleged herein.

9.     That AmSouth Bank, operating at that time as Regions Bank d/b/a AmSouth Bank and now merged into Regions Bank, is a financial institution with headquarters located in Birmingham, Alabama.

10.    That with respect to a financial transaction occurring in whole or in part in the United States, an offense against a foreign nation involving misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official is a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(B)(iv).

11.    That the defendant real property was the subject of, or otherwise was involved in numerous financial transactions conducted by, or at the direction of

Chimaroke Nnamani for the purpose of concealing or disguising the nature, the location, the source, the ownership or the control of the proceeds of his money laundering scheme in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Therefore, the defendant real property is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A).

12. That the defendant real property constitutes or is derived from proceeds traceable to violations of "specified unlawful activity," as alleged herein, and is, therefore, subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

13. That the defendant real property, together with all fixtures, improvements, and appurtenances, has an approximate value of one million eight hundred thousand dollars ($1,800,000.00).

14. That the names and addresses of possible claimants known to plaintiff are as follows:

| | |
|---|---|
| Chimaroke Nnamani | Rock City Group, LLC |
| 1972 Bridgewater Drive | c/o Jennifer Stephan |
| Heathrow, FL 32746 | 1485 International Parkway, Suite 1001 |
| | Heathrow, FL 32746 |

WHEREFORE, Plaintiff requests that due process issue to enforce the forfeiture and to give notice to the interested parties to appear and show cause why

the forfeiture should not be decreed, and requests that the defendant real property be condemned and forfeited to the United States of America and be delivered into the custody of the United States Marshal for disposition according to law, and for such other and further relief as this Court may deem just and proper.

ALICE H. MARTIN
United States Attorney

JAMES D. INGRAM
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2130

## VERIFICATION

I, Michael W. Kash, am a Special Agent of the Federal Bureau of Investigation (FBI) and one of the case agents assigned the responsibility for this case.

I have read the contents of the foregoing Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief, and I base my knowledge for this verification of the Complaint for Forfeiture In Rem on the following:

a. Information I have learned during, or been given by special agents of the FBI and other law enforcement officials who also participated in the investigation of Chimaroke Nnamani and other individuals engaged in an illegal fraud and money laundering scheme in the Federal Republic of Nigeria;

b. My knowledge of the interviews of representatives of various financial institutions relating to the investigation of Chimaroke Nnamani's activities;

c. My experience in illegal federal program fraud and embezzlement investigations, and the experience of other law enforcement officers related to illegal fraud and embezzlement investigations.

I declare under penalty of perjury as provided by 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this __30TH__ day of July, 2007.

MICHAEL W. KASH
Special Agent
Federal Bureau of Investigation