# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: **2:07-cv-01443-WMA** |
| Plaintiff, | |
| v. | |
| CERTAIN REAL PROPERTY LOCATED AT 1972 BRIDGEWATER DRIVE, HEATHROW, FLORIDA, TOGETHER WITH ALL IMPROVEMENTS, FIXTURES, AND APPURTENANCES THEREON, | |
| Defendant. | |

## CHINERO NWAIGWE'S ANSWER TO THE
## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Claimant Chinero Nwaigwe ("Claimant") through undersigned counsel,
respectfully files her Answer to the Verified Complaint for Forfeiture in Rem.

1.      Claimant admits that this is an action for forfeiture of the
named defendant real property located at 1972 Bridgewater Drive, Heathrow,
Florida (the "Property").

DOCSBHM\1550605\2\

2.          Claimant admits the allegations contained in paragraph 2.

3.          Claimant denies that this Court has in rem jurisdiction over the Property because the Property is not located within this district.

4.          Claimant denies that this Court has venue over this action because the Property is not located within this district.

5.          Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.

(a)          Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6(a).

(b)          Claimant admits that Claimant is Dr. Nnamani's sister and Claimant's husband is David Nwaigwe. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 6(b)

(c)          Claimant admits the allegations contained in paragraph 6(c).

(d)          Claimant admits that Dr. Nnamani holds dual citizenship with Nigeria and the United States. Claimant is without knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 6(d).

(e)     Claimant denies the allegations contained in paragraph 6(e).

(f)     Claimant denies the allegations contained in paragraph 6(f).

(g)     Claimant admits that she wire transferred $835,000 into AmSouth Bank accounts for two LLCs, which included an account in the name of Rock City Group, LLC. Claimant further states that the funds were proceeds from business operations of Claimant and her husband and invested in the United States since at least 2001.

(h)     Claimant admits that she transferred $998,000 from the AmSouth Bank account held in the name of Rock City Group, LLC, to a Fidelity National Title Insurance Company office in Florida for the purchase of the Property.

(i)     Claimant admits that on February 22, 2007, she paid a total of $1,800,000 for the purchase of the Property and that the Property was transferred by warranty deed to Rock City Group, LLC as grantee.

(j) Claimant denies the allegations contained in paragraph 6(j).

7. N/A

8. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. No response is necessary to the allegations of paragraph 10 as the statute speaks for itself.

11. Claimant denies the allegations contained in paragraph 11.

12. Claimant denies the allegations contained in paragraph 12.

13. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court does not have in rem jurisdiction over the Property.

### Second Affirmative Defense

(i) This Court does not have venue over the Property.

## Third Affirmative Defense

The factual basis for Plaintiff's allegations was not retained through a competent authority under the relevant mutual legal assistance agreement.

## Fourth Affirmative Defense

Plaintiff cannot show by a preponderance of evidence that the property is subject to forfeiture.

## Fifth Affirmative Defense

Plaintiff cannot establish that the Property was involved in or traceable to a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 or 1957 as required by 18 U.S.C. § 981(a)(1)(A).

## Sixth Affirmative Defense

Plaintiff cannot establish that the Property constitutes or is derived from proceeds traceable to violations of "specified unlawful activity" as required by 18 U.S.C. § 981(a)(1)(C).

## CLAIM FOR ATTORNEYS FEES

Claimant Chinero Nwaigwe demands reasonable attorneys fees and other litigation costs pursuant to 28 U.S.C. § 2465(b) in the event that she substantially prevails in this litigation.

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Ave. South
Birmingham, AL 35205
Tel: (205) 930-5100
jsturdivant@sirote.com
ggratton@sirote.com

Respectfully submitted,

/s/ James R. Sturdivant
James R. Sturdivant
ASB-5071-r71j

/s/ Gaile Pugh Gratton
Gaile Pugh Gratton
ASB-9988-r6g

A. John Pappalardo
pappalardoj@gtlaw.com
Shoba Pillay
pillays@gtlaw.com
**GREENBERG TRAURIG LLP**
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel.: (617) 310-6000

**Attorneys for Chinero Nwagiwe**

## JURY DEMAND

**Claimant Chinero Nwaigwe demands a trial struck by jury.**

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants on March 28, 2008, as follows:

James S. Ingram
Assistant U.S. Attorney
1801 4th Avenue North
Birmingham, Alabama 35203

/s/ James R. Sturdivant
James R. Sturdivant

DATED: March 28, 2008